```
FILED
CLERK, U.S. DISTRICT COURT

05/20/16

CENTRAL DISTRICT OF CALIFORNIA
BY:      GR      DEPUTY
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| POLARIS INNOVATIONS LIMITED, an Irish limited company,<br><br>    Plaintiff,<br><br>    vs.<br><br>KINGSTON TECHNOLOGY COMPANY, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 8:16-cv-300-CJC (RAO)<br><br>**STIPULATED PROTECTIVE ORDER**[1] |

## 1.  A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B. GOOD CAUSE STATEMENT**

This action is likely to involve confidential, proprietary, and business information and/or trade secrets, financial data, licensing information, source code, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, sales information, sales or marketing forecasts or plans, licenses or licensing agreements, engineering documents, testing documents, employee information, source code, confidential product designs, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of

1    this case.

2    ## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

3    ## SEAL

4          The parties further acknowledge, as set forth in Section 13.4, below, that this

5    Stipulated Protective Order does not entitle them to file confidential information

6    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

7    and the standards that will be applied when a party seeks permission from the court

8    to file material under seal.

9          There is a strong presumption that the public has a right of access to judicial

10   proceedings and records in civil cases.  In connection with non-dispositive

11   motions, good cause must be shown to support a filing under seal.  *See Kamakana*

12   *v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v.*

13   *Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v.*

14   *Sony Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated

15   protective orders require good cause showing), and a specific showing of good

16   cause or compelling reasons with proper evidentiary support and legal justification,

17   must be made with respect to Protected Material that a party seeks to file under

18   seal.  The parties' mere designation of Disclosure or Discovery Material under this

19   Stipulated Protective Order does not—without the submission of competent

20   evidence by declaration, establishing that the material sought to be filed under seal

21   qualifies as confidential, privileged, or otherwise protectable—constitute good

22   cause.

23         Further, if a party requests sealing related to a dispositive motion or trial,

24   then compelling reasons, not only good cause, for the sealing must be shown, and

25   the relief sought shall be narrowly tailored to serve the specific interest to be

26   protected.  *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 677-79 (9th Cir.

27   2010).  For each item or type of information, document, or thing sought to be filed

28   or introduced under seal in connection with a dispositive motion or trial, the party

seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 <u>Action</u>: this pending federal lawsuit *Polaris Innovations Ltd. v. Kingston Technology Co., Inc.*, Case No. 8:16-cv-300, filed in the United States District Court for the Central District of California.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Confidential Source Code</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that constitute confidential, proprietary, and/or trade secret Source Code.

2.5 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed, or generated in connection with discovery in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action or in a related post-grant proceeding at the U.S. Patent and Trademark Office (e.g., an *Inter Partes* Review or Covered Business Method Review proceeding) on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, and including independent attorneys contracted to assist Outside Counsel of Record in connection with this action.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, and retained experts.

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as provided in this Order.

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 <u>Source Code</u>: A compilation of computer instructions and data definitions expressed in a human-readable form suitable for input to an assembler, compiler, interpreter, or other translator.

## 3. SCOPE

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2 Protected Material, and the substance or content thereof, including any notes, memoranda, or other documents incorporating, reflecting, or summarizing such information, or any other information that might reveal such protected information, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom.

3.3 The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the

Protected Material satisfies the criteria set forth in this Order. The Producing Party may not unreasonably or improperly refuse to withdraw or change the designation when appropriate, whether for delay or otherwise. Any new designation will become effective immediately, regardless of when the Receiving Party receives the replacement copy of the re-designated or de-designated material. This Section applies regardless of whether the Producing Party discovers the incorrect designation on its own, becomes aware of the incorrect designation after being informed thereof by the Receiving Party, or if the Producing Party otherwise becomes aware of the incorrect designation by any means whatsoever.

3.4 The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6, in their present form as of the date this Order is entered by the Court.

3.5 Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or maintained pursuant to this protective order, used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Accordingly, the terms of this protective order do not extend beyond the commencement of the trial. The parties will submit to the Court sixty days before the commencement of trial a proposed order that will govern use of Protected Material at trial, and discuss procedures for maintaining the confidentiality of Protected Material during the course of trial for which compelling reasons supported by specific factual support

exist.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  However, given the volume and expense of large productions of electronically stored information and other large productions, the parties recognize that it is appropriate under this standard to designate the entire document (instead of merely a portion thereof), if a designation is called for under this Stipulated Protective Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Any Producing Party may designate Disclosure or Discovery Material with

any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE." Any materials that are publicly available, and not so available due to any unauthorized act or omission, or violation of this Order, or do not otherwise contain confidential information, including but not limited to, (a) publicly available advertising materials, (b) non-draft materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or understanding regarding confidential treatment, shall not be considered Protected Materials for purposes of this Action.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the appropriate confidentiality legend to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). If documents are produced natively, then the appropriate confidentiality designation (or abbreviation thereof) must be included in the file name.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced, unless the original documents contain or comprise Source Code. During the inspection and before the designation, all of the material made available for inspection shall be deemed to bear the appropriate confidentiality designation. After the inspecting Party has identified the documents it wants copied and produced, the Producing

Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate confidentiality designation to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). Source Code shall be inspected, designated, and produced according to the provisions of Section 7.5 below.

(b) for testimony given in depositions, that the Designating Party identifies the Disclosure or Discovery Material on the record before the close of the deposition or by sending written notice that the relevant portions of the testimony are so designated within ten (10) business days of receipt of the transcript of the testimony.

All information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order (*e.g.*, by including a label on the videotape or other media which contains the appropriate confidentiality designation).

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix the appropriate

designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for information not reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in Sections 5.2(a)-(c) above, the Producing Party must inform the Receiving Party of the designation of such information in writing.

5.3 Inadvertent Failures to Designate.

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of the inadvertent failure to so designate.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Section 5.3(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Protected Material produced without the designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery

Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the appropriate "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" designation.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

6.2 <u>Form of Challenges</u>. Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for each objection. Thereafter, further protection of such material shall be resolved in accordance with the dispute resolution process under Local Rule 37.

6.3 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.5 Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party that designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) up to three (3) officers, directors, and employees (including House Counsel) of the Receiving Party with responsibility for managing or involvement in this litigation, to whom disclosure is reasonably necessary for this Action, who have been identified to the Designating Party (by full name and title) at least five

business days in advance of any disclosure, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) agreeing to be bound by the terms of this Order;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that disclosure is only to the extent necessary to perform such work, and provided that: (i) each such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties to which such notice is required to be given, as set forth in Section 7.6 below;

(d) the court and its personnel;

(e) court reporters, stenographers, and videographers retained to record testimony taken in this Action, and their staff to whom disclosure is reasonably necessary for this Action;

(f) graphics, translation, design, and/or professional jury or trial consultants, and electronic discovery vendors, to a Party to whom disclosure is reasonably necessary for this Action, provided that each such person, including their staff, has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k) any other person with the prior written consent of the Producing Party.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is highly confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, licenses or licensing agreements, engineering documents (e.g., research, development, and design documents), testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that disclosure is only to the extent necessary to perform such work, and provided that: (i) each such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties to which such notice is required to be given, as set forth in Section 7.6 below;

(c) the court and its personnel;

(d) court reporters, stenographers, and videographers retained to record testimony taken in this Action, and their staff to whom disclosure is reasonably necessary for this Action;

(e) graphics, translation, design, and/or professional jury or trial consultants, and electronic discovery vendors, to a Party to whom disclosure is reasonably necessary for this Action, provided that each such person, including their staff, has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone

except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person with the prior written consent of the Producing Party.

Further, unless otherwise ordered by the court or permitted in writing by the Designating Party, one (1) House Counsel for each party may receive the below identified materials and information, in lieu of having access to all materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

1. Final Technical Contentions and Technical Expert Reports. Unredacted, final versions of infringement and invalidity contentions, as well as infringement-related and invalidity-related expert reports, that are served under the parties' agreed-to schedule in this case;

2. Summary Financial and Damages-Related Information. This information will be provided to the designated House Counsel following a good faith meet and confer between the parties regarding the proper and necessary redactions of the material in question in order to remove granular, non-summary detail. This process will commence when the party which receives the material(s) designated by the other party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" identifies any such material(s) that it would like to share with the designated House Counsel. The Producing Party will then have five (5) business days to submit proposed redactions for the material(s). The parties must then complete the meet and confer process within three (3) business days. If the parties are unable to resolve any disputes on the scope of information allowed to be disclosed to the designated House Counsel, then it shall be the Receiving Party's responsibility to move to compel and to show that the need for disclosure outweighs the need for confidentiality under the good cause standard. Alternatively, the Receiving Party may create a proposed summary of financial and/or damages-related discovery to be provided to its designated House

Counsel and provide this proposed summary to the Producing Party for review and consent. The parties must then follow the meet and confer process outlined in this paragraph to resolve any disputes about the scope of the proposed disclosure to the designated House Counsel.

3. Redacted, Final Versions of Damages-Related Expert Reports. After damages-related expert reports are served under the parties' agreed-to schedule in this case, a party may request that it be allowed to share the damages-related report(s) with its designated House Counsel. If such a request is made, the Producing Party may request that certain granular information be redacted, and the parties must follow the procedures for redaction and conferring as set forth in subsection 2, above.

House Counsel receiving the information identified immediately above are obligated to follow all protections and disclosure rules for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material under the Stipulated Protective Order. Further, the identity of the designated House Counsel must be disclosed to the other party in writing before any disclosures under this provision are made.

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE"</u> <u>Information or Items</u>.

A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes Confidential Source Code.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) for the Confidential Source Code of any one Producing Party, up to three (3) outside experts or consultants retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work, and provided that (i) each such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) no unresolved objections to such disclosure exist after proper notice has been given to all parties to which such notice is required to be given, as set forth in Section 7.6 below.  To the extent the Receiving Party seeks to have additional experts or consultants obtain access to a particular Producing Party's Confidential Source Code, the Parties shall meet and confer in good faith;

(c) court reporters, stenographers, and videographers retained to record testimony taken in this Action, and their staff to whom disclosure is reasonably necessary for this Action;

(d) graphics, translation, design, and/or professional jury or trial consultants, and electronic discovery vendors, to a Party to whom disclosure is reasonably necessary for this Action, provided that each such person, including their staff, has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) any other person with the prior written consent of the Producing Party.

7.5 <u>Disclosure and Review of Confidential Source Code</u>.

The disclosure and review of Confidential Source Code shall be governed by a separate Protective Order titled: "Stipulated Protective Order Regarding Source Code."

7.6 <u>Disclosure of Experts or Consultants</u>.

An independent expert's or consultant's access to Protected Material shall be subject to the terms in this Section, including the notice-and-objection provisions

below, and the requirement that the expert or consultant execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Before a Receiving Party may disclose, directly or indirectly, any Protected Matters to an independent expert or consultant, the Receiving Party must give written notice to the Producing Party of the following information as it relates to the expert or consultant:

(a) the full name of the expert of consultant and the city and state of his or her primary residence,

(b) attaches a copy of the person's current resume,

(c) identifies the person's current employer(s),

(d) identifies each person or entity to whom the person has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and

(e) identifies (by name and location of court) any litigation in connection with which the person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(f) a copy of the expert's or consultant's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).  A separate confidentiality undertaking shall not be required for staff members working under the supervision of an individual who has signed Exhibit A.  An individual signing a confidentiality undertaking in the form of Exhibit A, however, shall accept full responsibility for taking measures to ensure that staff members working under his or her supervision comply with terms of this Protective Order.

Within seven (7) calendar days of receipt of the disclosure of the Person, the

---

[2] If the person believes any of this information is subject to a confidentiality obligation to a third-party, then the person should provide whatever information the person believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Producing Party or Parties may object in writing to the Person for good cause. Any such objection must set forth in detail the grounds on which it is based. The objecting Party's consent to a Person shall not be unreasonably withheld. In the absence of an objection at the end of the seven (7) calendar day period, the person shall be deemed approved under this Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) calendar day period. If the Producing Party objects to disclosure to the Person within such seven (7) calendar day period, the parties shall meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five business (5) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Materials of the objecting party shall not be disclosed to the Person in question until the objection is resolved by the Court.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party to allow the Designating Party a reasonable opportunity of no less than two (2) weeks to intervene to oppose or limit such production. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall

include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  A Non-Party's use of the Protective Order to protect its Protected Material does not entitle that Non-Party access to the Protected Material produced by any Party in this case.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within thirty (30) days of receiving the notice and accompanying information, the Receiving Party must produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A), thus agreeing to preserve the confidentiality of the information previously inadvertently or otherwise provided to such person(s).

## 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that:

(a) The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall promptly, and in no event later than one week after such notice, return or destroy such Protected Material or Discovery Material and all copies.  The Producing Party shall provide the Receiving Party with a privilege log of any such returned material that identifies the basis for it being withheld from production.

(c) Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

## 12.  PATENT PROSECUTION BAR

(a) Absent the written consent of a Designating Party, any person reviewing a Designating Party's information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – SOURCE CODE" (which shall also be referred to as "Prosecution Bar Materials" and may be optionally designated as such) shall not, for a period commencing upon actual receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) substantially related to the subject matter of the Prosecution Bar Materials. The provisions of this Section 12 do not apply where a party discloses its own Prosecution Bar Materials to an individual not designated under this Order to receive such materials.

(b) The following documents and materials shall not be eligible for classification as Prosecution Bar Materials: (i) documents and information related only to damages or reasonable royalty rates; (ii) publications, including patents and published patent applications; (iii) materials regarding a third-party system or product that is publicly known, on sale, or in public use, unless such materials are designated as Prosecution Bar Materials by that third party or are subject to confidentiality obligations owed to that third party; and (iv) information that is publicly available.

(c) Except with respect to any *inter partes* review, post-grant review, and reexaminations of any patent claiming subject matter substantially related to that of the patents-in-suit, Prosecution Activity shall mean to: (1) prepare and/or prosecute any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; (2) prepare patent claim(s) on behalf of a patentee or assignee of patentee's rights; (3) participate in any reissue proceedings on behalf of a patentee or assignee of patentee's rights; or (4) provide advice, counsel or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or claim coverage for products or processes on behalf of a patentee or assignee of patentee's rights. Prosecution Activity shall not include participation in *inter partes* review, post-grant review, and/or

reexamination of the patent-in-suit.  For the avoidance of any doubt, Prosecution Activity does not include administrative tasks ancillary to the activities described above (e.g., invoicing, billing, collection, etc.).  In addition, nothing in this Section 12 shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Prior Art shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding a third-party system or product that was publicly known, on sale, or in public use as of the relevant priority date, unless such materials are designated as Prosecution Bar Materials by that third party or are subject to confidentiality obligations owed to that third party.

## 13.  MISCELLANEOUS

133.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Furthermore, without application to this Court, any Producing Party may enter into a written agreement releasing any Receiving Party from one or more requirements of this Order, even if the conduct subject to the release would otherwise violate the terms herein.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

133.3 <u>Successors</u>. This Order shall be binding upon the Parties hereto and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assignees, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they

have direct control.

133.4 <u>Filing Protected Material</u>. Absent written agreement from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Where Protected Material is used at a hearing on a dispositive motion, it is the burden of the party seeking to use that information to make arrangements with the Court to ensure that Protected Material remains confidential.

## 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 7.

After termination of this Action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record and not due to any unauthorized act or omission, or violation of this Order.

This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this Action.

**15. VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: May 17, 2016


*/s/ Matthew D. Powers*

Attorneys for Polaris, Plaintiff


DATED: May 17, 2016


*/s/ Christopher Kao*

Attorneys for Kingston, Defendant


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:  May 20, 2016


_____

HON. ROZELLA A. OLIVER

United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Polaris Innovations Limited v. Kingston Technology Company, Inc., Case No. 8:16-cv-300-CJC (RAO).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____